STATE OF NORTH CAROLINA v. PAUL WOODRUFF, JR.

No. 67A82

(Filed 7 December 1982)

**Criminal Law § 177— equally divided court—opinion of Court of Appeals affirmed—no precedent**

In a prosecution for two counts of first degree rape, two counts of robbery with a dangerous weapon, two counts of kidnapping, and first degree burglary, where one member of the Supreme Court did not participate in the consideration or decision of a case and the remaining six Justices were equally divided, the opinion of the Court of Appeals was affirmed without precedential value.

Chief Justice BRANCH took no part in the consideration or decision of this case.

APPEAL by defendant pursuant to G.S. 7A-27(a) from a decision of *Mills, J.*, entered 19 October 1981, Special Session of Superior Court, DAVIDSON County, wherein the defendant received a number of consecutive sentences as follows: (1) life imprisonment upon conviction of first degree burglary; (2) life imprisonment upon conviction of two counts of kidnapping to begin at the expiration of the sentence imposed in the first degree burglary count; (3) life imprisonment upon conviction of two counts of robbery with a dangerous weapon, with sentence to commence at the expiration of the sentence imposed in the two kidnapping counts; (4) life imprisonment upon conviction of two counts of first degree rape, with sentence to commence at the expiration of the robbery with a dangerous weapon count.

*Rufus L. Edmisten, Attorney General, by Frank P. Graham, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm R. Hunter, Jr., Assistant Appellate Defender, for the defendant.*

PER CURIAM.

On 3 December 1980, a masked man, later identified as the defendant, entered the residence of Ernestine Mobley in Thomasville, North Carolina. In the house at the time of entry were Mrs. Mobley, an invalid in her eighties, and Mrs. Aiken. Mrs. Aiken and Mrs. Winslow, who arrived shortly thereafter, were nurses employed to care for Mrs. Mobley.

Defendant, a young white man, wearing a face mask, threatened Mrs. Aiken and Mrs. Mobley with a gun. He advised Mrs. Aiken that he was an ex-convict, needed money to get out of town, and would kill her if necessary. The invalid, Mrs. Mobley, was only semi-conscious and did not know what was going on. Subsequently he took money from Mrs. Aiken and Mrs. Winslow. Mrs. Winslow arrived after the defendant had entered the house. She came for the purpose of relieving Mrs. Aiken.

Defendant led both Mrs. Aiken and Mrs. Winslow to the living room at gunpoint. He made inquiries about a safe. Each of the victims advised him that they knew nothing about a safe. Soon thereafter the defendant took both Mrs. Aiken and Mrs. Winslow to an upstairs bedroom and forced each to undress and lie on a bed. He placed a pillow over the head of each victim. The defendant then had vaginal intercourse with both of them. After the sexual acts were completed, he tied them up and left the room, after advising them to stay where they were. The women did not move for fifteen or twenty minutes, until they heard an automobile horn sound, coming from a vehicle operated by the son of Mrs. Aiken who had arrived to pick her up. The women got up, partially dressed, and reported what had occurred to the police.

Identification was eventually made of clothing worn by the defendant by each victim and Mrs. Winslow identified him by voice identification. Defendant's chief assignment of error concerns whether he was properly advised of his right to counsel at the voice identification. The evidence tends to show that the SBI

Agent conducting the voice identification advised defendant that although he had a right to counsel, the voice identification would be conducted regardless of the presence of defendant's attorney.

In addition to the voice identification, there was medical testimony from the physician who examined the victims shortly after the incident which was consistent with the State's claim that each victim had been raped. There was testimony from a forensic serologist that blood and saliva samples taken from defendant indicate that he could have been the perpetrator of the alleged rape. A forensic chemist also testified that a blonde hair taken from one of the victims was microscopically consistent with a sample of defendant's pubic hair. Furthermore, two items of evidence, a pistol and a watch, which were seized from defendant's trailer, were identified as belonging to one of the victims and had been taken during the robbery. The victims also identified a jacket and a pair of shoes found in defendant's trailer as the jacket and shoes worn by the person who robbed and raped them.

The defendant offered no evidence and the jury found the defendant guilty on each of the counts, as charged.

Chief Justice Branch took no part in the consideration or decision in this case. The remaining members of this Court were equally divided, with three members voting to affirm the Davidson County Superior Court, and three members voting for a new trial. The decision of the Davidson County Superior Court is left undisturbed and stands without precedential value. *State v. Johnson*, 286 N.C. 331, 210 S.E. 2d 260 (1974); *State v. Smith*, 243 N.C. 172, 90 S.E. 2d 328 (1955); *State v. Brown*, 242 N.C. 602, 89 S.E. 2d 157 (1955).

Affirmed.

Chief Justice BRANCH took no part in the consideration or decision of this case.